UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| FREDERICK GRAHAM, ) | |
| ) | |
| Movant, ) | |
| ) | |
| v. ) | No. 4:05-CV-576-SNL |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of James E. Frazier to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.

### Background

On June 22, 2001, after pleading guilty to one count of carrying a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1), movant was sentenced to sixty months imprisonment.

### Motion to Vacate

Movant seeks relief from his sentence pursuant to § 2255. He asserts actual innocence "of having violated a cognizant federal offense" and lack of federal court jurisdiction in that the prosecution failed to prove territorial jurisdiction.

### Discussion

Rule 4(b) of the Rules Governing § 2255 Cases in the United States District Courts provides that a District Court may summarily dismiss a § 2255 motion if it plainly appears that the

movant is not entitled to relief.

As amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2255 now provides:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--
> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

A review of the instant motion indicates that it is time-barred under 28 U.S.C. § 2255(1), and is subject to summary dismissal. At the latest, movant's one-year limitations period began to run on or about July 2, 2001, which was when his time for filing a notice of appeal expired. The instant motion, however, was filed on April 11, 2005, well after the running of the one-year limitations period. Moreover, movant does not assert that the limitation period should be equitably tolled to allow him to file the instant motion. Equitable tolling is proper only when extraordinary circumstances beyond a prisoner's control make it impossible to file a § 2255 petition. Because the instant motion is time-barred and movant has made no argument for equitable tolling, the Court will summarily dismiss this action.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that movant's motion pursuant to 28 U.S.C. § 2255 is **DENIED**.

**IT IS FURTHER ORDERED** that movant's motion to proceed in forma pauperis [Doc. #2] is **DENIED** as moot, because no filing fee is required to bring a § 2255 action.

An appropriate order will accompany this memorandum and order.

Dated this   15th   day of June, 2005.

_____
SENIOR UNITED STATES DISTRICT JUDGE